# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

HAROLD SCHMIDT,

    Plaintiff,

v.     Civil Action No. 1:17-cv-00313

FAIR COLLECTION AND
OUTSOURCING, INC.,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c).

On February 15, 2017 Plaintiff Harold Schmidt filed a Warrant in Debt in Prince William General District Court against Defendant Fair Collection and Outsourcing, Inc. The case was removed to this Court. On May 23, 2017 this Court granted Defendant's Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff refiled an Amended Complaint in June 2017. Plaintiff's Amended Complaint alleges generally that FCO violated the Fair Credit

Reporting Act, the Fair Debt Collection Practices Act, and committed acts of defamation, libel, and slander.

In the Fourth Circuit, a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Burbach Broad Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002) (internal citations omitted) ("the distinction is one without difference, as we . . . apply[] the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)."). A motion for judgment on the pleadings, therefore, tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Deutsche Bank Nat'l Trust Co., No. 3:10CV41, 2010 U.S. Dist. LEXIS 100851, at *7 (E.D. Va. Sept. 21, 2010). Naturally, "a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff." Id.

As an initial matter, the Constitution requires that a plaintiff have standing to bring a case or controversy before a federal court. The standing inquiry "ensures that a plaintiff has a sufficient personal stake in a dispute to render judicial resolution appropriate." (Friends of the Earth, Inc. v. Gaston

2

Copper Recycling Corp., 204 F.3d 149, 153 (4th Cir. 2000)). To satisfy the case or controversy requirement of Article III, "a plaintiff must, generally speaking, demonstrate that he suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." (Bennett v. Spear, 520 U.S. 154, 162 (1997) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). The injury in fact element "requires that a plaintiff suffer an invasion of a legally protected interest which is concrete and particularized, as well as actual or imminent." Friends of the Earth, 204 F.3d at 154.

Here, Plaintiff alleges violations related to collection activity on an account that is not in his name. Plaintiff seeks to recover damages from the credit reporting of another's debt. Plaintiff alleges that he acquired the account in question from the debtor, but does not allege that FCO attempted to collect a debt from him, that he suffered an injury as a result of FCO's alleged conduct, or that he suffered any harm whatsoever from FCO's actions. Rather, Plaintiff makes conclusory allegations and requests an award of damages.

Plaintiff's allegations all arise from collection efforts targeted at the debtor, who is not the Plaintiff. Under Va. Code § 8.01-26, "only those causes of action for damage to real or personal property, . . .and causes of action ex contractu are

3

assignable." Federal Rule of Civil Procedure 17(a) states that "every action must be prosecuted in the name of the real party in interest." Under Rule 17, an "action must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation." Virginia Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83 (4th Cir. 1973). Plaintiff does not put forth sufficient factual allegations to demonstrate that he is a real party of interest who has suffered an injury in fact, and therefore lacks standing to bring these claims.

Plaintiff's claims also fail on the grounds that he fails to state a claim upon which relief can be granted for the FCRA, FDCPA, and torts claims. To bring a claim under the Fair Credit Reporting Act § 1681s-2b, a plaintiff must establish: (1) that he notified the consumer reporting agency of the disputed information; (2) that the CRA notified the defendant furnisher of the dispute; and (3) that the furnisher then failed to investigate and modify the inaccurate information. Ausar-El v. Barclay Bank Delaware, 2012 WL 3137151, *3 (D. Md. July 31, 2012). Plaintiff fails to allege facts to support any of these three elements. He thereby fails to state a plausible claim for which relief can be granted under the FCRA.

Plaintiff also alleges Defendants violated the Fair Debt Collection Practice Act, 15 U.S.C. §1692. To establish a prima

4

facie case for violation of the FDCPA, as the Defendant notes, "The Plaintiff must establish: (1) the plaintiff is a 'consumer' as defined by the FDCPA; (2) the debt arises out of a transaction entered primarily for personal, family, or household purposes; (3) the defendant is a 'debt collector' as defined by the FDCPA; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." See Creighton v. Emporia Credit Service, Inc., 981 F. Supp. 411 (E.D. Va. 1997). Plaintiff does not allege any of these elements in the Amended Complaint and therefore does not state a claim under the FDCPA.

Lastly, Plaintiff makes state law claims against the Defendant for torts including defamation, libel, and slander. Plaintiff simply alleges that FCO provided "inaccurate information" to a credit agency but does not provide specific factual detail as to what statements may have been made, whether the statements were about him, or that the statements harmed him in any way.

Further, the FCRA preempts Plaintiff's tort claims. The FCRA provides that "no consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information against . . . any person who furnishes information to a credit reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. 1681(h)(e). Plaintiff fails to

plead that FCO acted with malice or willful intent to injure the consumer. Plaintiff's claim for defamation, slander, and libel thereby fails.

Plaintiff has failed to state a plausible claim for relief on any of the counts. An appropriate Order shall issue.

*/s/ Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 12, 2018